1   Christopher A. Carr (# 44444)
      ccarr@afrct.com
2   Tim G. Ceperley (# 112827)
      tceperley@afrct.com
3   ANGLIN, FLEWELLING, RASMUSSEN,
      CAMPBELL & TRYTTEN LLP
4   199 South Los Robles Avenue, Suite 600
    Pasadena, California 91101-2459
5   Tel:  (626) 535-1900 | Fax:   (626) 577-7764

6   Attorneys for Defendant
    WELLS FARGO BANK, N.A.,
7   successor by merger with Wells Fargo
    Bank Southwest, N.A., f/k/a
8   Wachovia Mortgage, FSB, f/k/a
    World Savings Bank, FSB ("Wells
9   Fargo")

10              UNITED STATES DISTRICT COURT

11      CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

12

13  DEE  TAMARAT, an individual,          CASE NO.: 8:13-CV-00925-JVS-RNB
    PETER TAMARAT, an individual and
14  PETER P. TAMARAT and DEE              **DEFENDANT WELLS FARGO'S**
    TAMARAT as  TRUSTEES OF THE           **NOTICE OF MOTION AND**
15  TAMARAT FAMILY TRUST,                 **MOTION TO DISMISS**
                                          **PLAINTIFF'S COMPLAINT; AND**
16              Plaintiffs,               **MEMORANDUM OF POINTS AND**
                                          **AUTHORITIES**
17        v.
                                          Date:    July 29, 2013
18  WELLS FARGO BANK, N.A., a             Time:   1:30 p.m.
    business entity form unknown, NDEX    Ctrm:   10C
19  WEST LLC and Does 1 through 100,
    inclusive,                            [Assigned to the Hon. James V. Selna]
20
                Defendants.
21

22

23        **TO THE PLAINTIFF AND TO THEIR COUNSEL OF RECORD:**

24        **PLEASE TAKE NOTICE** that on July 29, 2013, at 1:30 p.m. in courtroom

25  10C, the Honorable, James V. Selna presiding, defendant Wells Fargo Bank N.A.

26  successor by merger to Wells Fargo Bank Southwest, N.A., f/k/a Wachovia

27  Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo"), will move for an

28  order dismissing the Complaint ("Complaint") for failure to state a claim pursuant

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    to Rules 12(b)(6) of the Federal Rules of Civil Procedure.

2        Grounds for the motion are as follows:

3        **First Claim for Relief:  Violations of Civil Code § 2923.6**

4        Plaintiffs fail to state a claim because:  (i) this state law claim is preempted

5    by the *Home Owner's Loan Act* ("HOLA"); (ii) the statute does not apply; and

6    (iii) plaintiffs fail to allege facts sufficient to state a claim upon which relief can be

7    granted.

8        **Second Claim for Relief:  Violations of Business & Professions Code**

9    **§ 17200**

10       Plaintiffs fail to state a claim fraud because:  (i) the claim is preempted by

11   HOLA; (ii) the allegations of the complaint fail to plead any unlawful, unfair or

12   fraudulent acts; and (iii) the plaintiffs have no standing to bring the claim.

13       **Third Claim for Relief:  Negligence**

14       Plaintiffs fail to state a claim because:  (i) this state law claim is preempted

15   by HOLA; and (ii) plaintiffs fail to allege facts sufficient to state a claim upon

16   which relief can be granted.

17       **Fourth Claim for Relief:  Demand for Accounting**

18       Plaintiffs fail to state a claim because:  (i) this state law claim is preempted

19   by HOLA; and (ii) plaintiffs fail to allege facts sufficient to state a claim upon

20   which relief can be granted.

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

1    This motion was filed following efforts by defendant's counsel to comply

2    with Local Rule 7-3 which included correspondence outlining the grounds for this

3    motion and inviting counsel to confer followed by a telephonic call to plaintiffs'

4    counsel on June 7, 2013.

5                                              Respectfully submitted,

6    Dated:  June 26, 2013                     ANGLIN, FLEWELLING, RASMUSSEN,

7                                                 CAMPBELL & TRYTTEN LLP

8

9    By:  _____/s/ Tim G. Ceperley_____

        Tim G. Ceperley
10       tceperley@afrct.com
     Attorneys for Defendant
11   WELLS FARGO BANK, N.A., successor
     by merger with Wells Fargo Bank
12   Southwest, N.A., f/k/a Wachovia Mortgage,
     FSB, f/k/a World Savings Bank, FSB
13   ("Wells Fargo")

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# TABLE OF CONTENTS

Page

1. INTRODUCTION ...................................................................... 1

2. SUMMARY OF THE PLEADINGS AND JUDICIALLY
NOTICEABLE FACTS ............................................................ 1

   A. The Loan ............................................................................. 1

   B. Plaintiffs' Default And The Foreclosure ............................. 2

   C. The Complaint ..................................................................... 2

3. THE FEDERAL HOME OWNERS' LOAN ACT ("HOLA")
PREEMPTS ALL OF PLAINTIFFS' STATE LAW CLAIMS ......... 4

   A. As Federally Chartered Federal Savings Banks, World Savings
Bank, FSB And Wachovia Mortgage, FSB Operated Under
HOLA ................................................................................... 4

   B. OTS Regulations Promulgated Under HOLA Preempt Any
State Laws Which Affect Loan Origination, Disclosures And
Lending Regulations ............................................................ 4

   C. Various Types Of State Laws Preempted By HOLA ........... 5

   D. Plaintiffs' State Law Claims Are Preempted By HOLA ...... 5

     i. Plaintiffs' Claim For Violations Of Civil Code § 2923.6
Is Preempted ......................................................... 6

     ii. Plaintiffs' Claim For Violations Of Business &
Professions Code § 17200 Is Preempted ...................... 8

     iii. The Claim For Negligence Is Preempted ..................... 9

     iv. The Claim For An Accounting Is Preempted ............... 9

4. THE COMPLAINT DOES NOT STATE ANY VIABLE CLAIMS .......... 10

   A. Plaintiffs' Claim for Violations Of Civil Code 2923.6 Fails ...... 10

   B. Plaintiffs' Claims for Violations Of Business & Professions
Code 17200 Fails ............................................................... 11

     i. No unlawful, unfair or fraudulent acts are alleged ............ 11

     ii. Plaintiffs Lack Standing ........................................ 14

   C. Plaintiffs Fail to State a Claim for Negligence ................... 15

     i. Wells Fargo Owed No Duty to Modify the Loan ............... 15

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ii.     The Complaint Fails to Allege That Any Duty Was Breached   With Respect to the Foreclosure .......................... 17

D.      Plaintiffs' Accounting Claim is Untenable .......................................... 17

5.      CONCLUSION .............................................................................. 18

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**FEDERAL CASES**

4

*Birdsong v. Apple, Inc.*,
   590 F.3d 955 (9th Cir. 2009).............................................................................11

5

*Castaneda v. Saxon Mortg. Servs., Inc.*,
6   687 F. Supp. 2d 1191 (E.D. Cal. 2009)...........................................................12

7

*DeLeon v. Wells Fargo Bank N.A.*,
8   2010 U.S. Dist. LEXIS 62499 (N.D. Cal. June 9, 2010) ................................16

9

*DeLeon v. Wells Fargo Bank, N.A.*,
   729 F. Supp. 2d 1119 (N.D. Cal. 2010) .............................................................4
10

*Edwards v. Marin Park, Inc.*,
11   356 F.3d 1058 (9th Cir. 2004) .........................................................................14

12

*Escobedo v. Countrywide Home Loans, Inc.*,
   2009 U.S. Dist. LEXIS 117017 (S.D. Cal. Dec. 15, 2009)................................3
13

14

*Glenn K. Jackson Inc. v. Roe*,
   273 F.3d 1192 (9th Cir. 2001) .........................................................................12

15

*Gomez v. Wachovia Mortg. Corp.*,
16   2010 U.S. Dist. LEXIS 3799, at **7-8 (N.D. Cal. Jan. 15, 2010)...................9

17

*Guerrero v. Wells Fargo Bank, N.A.*,
18   2010 U.S. Dist. LEXIS 96261 (C.D. Cal. Sept. 14, 2010)................................9

19

*McDonald v. Coldwell Banker*,
   543 F.3d 498 (9th Cir. 2008) ...........................................................................12

20

*Murr Plumbing, Inc. v. Scherer Bros. Fin. Serv. Co.*,
21   48 F.3d 1066 (8th Cir. 1995) ...........................................................................14

22

*Neu v. Terminix Int'l, Inc.*,
23   2008 U.S. Dist. LEXIS 32844 (N.D. Cal. Apr. 8, 2008) ................................11

24

*Rosal v. First Fed. Bank of Cal.*,
   671 F. Supp. 2d 1111 (N.D. Cal. 2009) ......................................................11, 12
25

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*,
26   806 F.2d 1393 (9th Cir. 1986) .........................................................................14

27

*Silvas v. E*Trade Mortg. Corp.*,
   514 F.3d 1001 (9th Cir. 2008) ...........................................................................5
28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Snyder v. Wachovia Mortg.*,
   2010 U.S. Dist. LEXIS 68956, at **22-24 (E.D. Cal. July 19, 2010) ......................................9

*Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*,
   368 F.3d 1053 (9th Cir. 2004) .................................................18

*Villa v. Wells Fargo Bank, N.A.*,
   2010 U.S. Dist. LEXIS 23741 (S.D. Cal. Mar. 15, 2010) ..................................3, 16

*Zlotnik v U.S. Bancorp, et al.*,
   2009 U.S. Dist. LEXIS 119857, at **17-26 (N.D. Cal. Dec. 22, 2009)..................................4

STATE CASES

*Bily v. Arthur Young & Co.*,
   3 Cal. 4th 370 (1992) ...................................................15

*Daro v. Superior Court*,
   151 Cal. App. 4th 1079 (2007) ...................................................14

*Eddy v. Sharp*,
   199 Cal. App. 3d 858 (1988) ...................................................15

*Farmers Ins. Exch. v. Superior Court*,
   2 Cal. 4th 377 (1992) ...................................................11

*Ingels v. Westwood One Broad. Servs., Inc.*,
   129 Cal. App. 4th 1050 (2005) ...................................................12

*Khoury v. Maly's of California, Inc.*,
   14 Cal. App. 4th 612 (1993) ...................................................11

*Korea Supply Co. v. Lockheed Martin Corp.*,
   29 Cal. 4th 1134 (2003) ...................................................11

*LiMandri v. Judkins*,
   52 Cal. App. 4th 326 (1997) ...................................................16

*Lopez v. World Savings & Loan Ass'n*,
   105 Cal. App. 4th 729 (2003) ...................................................5

*Mabry v. Superior Court*,
   185 Cal. App. 4th 208 (2010) ...................................................6, 7, 16

*Nymark v. Heart Fed. Savs. & Loan Ass'n*,
   231 Cal. App. 3d 1089 (1991) ...................................................16, 18

*Peterson v. Cellco P'ship*,
   164 Cal. App. 4th 1583 (2008) ...................................................14

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Quelimane Co. v. Stewart Title Guaranty Co.*,
   19 Cal. 4th 26 (1998) ...................................................................................16

*San Pedro Lumber Co. v. Reynolds*,
   111 Cal. 588 (1896) ......................................................................................17

*Software Design & Application, Ltd. v. Hoefer & Arnett, Inc.*,
   49 Cal. App. 4th 472 (1996) .......................................................................15

*Stebley v. Litton Loan Servicing, LLP*,
   202 Cal. App. 4th 522 (2011) .......................................................................7

*Stop Youth Addiction, Inc. v. Lucky Stores, Inc.*,
   17 Cal. 4th 553 (1998) .................................................................................12

*Teselle v. McLoughlin*,
   173 Cal. App. 4th 156 (2009) .....................................................................17

*United States Liab. Ins. Co. v. Haidinger-Hayes, Inc.*
   1 Cal.3d 586 (1970) .....................................................................................15

**FEDERAL STATUTES**

12 U.S.C. § 1461, *et seq*......................................................................................4, 7

18 U.S.C. § 1341 ............................................................................................13, 14

18 U.S.C. § 1343 ............................................................................................13, 14

18 U.S.C. § 1962 ..................................................................................................13

**STATE STATUTES**

Cal. Bus. & Prof. Code § 17200 .............................................................. passim

Cal. Bus. & Prof. Code § 17204 ........................................................................14

Cal. Civ. Code § 2923.5 ...................................................................................6, 7

Cal. Civ. Code § 2923.6 ....................................................................... passim

Cal. Civ. Code § 2923.6(g) .....................................................................6, 10, 17

Cal. Civ. Code § 2924, *et seq*.............................................................................6

Cal. Civ. Code § 2924.12 .......................................................................................7

Cal. Civ. Code § 2924.12(b) ..................................................................................7

Cal. Civ. Code § 2924.12(i) ...................................................................................8

Cal. Civ. Code § 2924.17 .......................................................................................7

Cal. Civ. Code § 2924.17(c) .................................................................................8

Cal. Civ. Code § 2924.19(b) .................................................................................8

**RULES**

Fed. R. Civ. P. 9 .................................................................................................11

Fed. R. Civ. P. 9(b) .....................................................................................13, 14

**REGULATIONS**

12 C.F.R. § 545.2 ..............................................................................................5

12 C.F.R. § 560.2 ..............................................................................................4

12 C.F.R. § 560.2(b) .......................................................................................5, 7

12 C.F.R. § 560.2(b)(4) ..................................................................................5, 9

12 C.F.R. § 560.2(b)(5) .....................................................................................9

12 C.F.R. §§ 560.2(b)(9) ...................................................................................5

12 C.F.R. § 560.2(b)(10) ............................................................................5, 6, 9

61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996) ...........................................5

**OTHER AUTHORITIES**

5 Witkin, *California Procedure*, Pleading (5th ed. 2008) ...........................17

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

This action concerns the real property located at 8190 Peppertree Lane, Cypress CA 90630 (the "Property"). The Property is security for a loan made by defendant Wells Fargo Bank N.A.'s ("Wells Fargo") predecessor in interest, World Savings Bank, FSB ("World Savings"), to Peter and Dee Tamarat ("plaintiffs") in 2008. Plaintiffs defaulted on the loan, and as a result, Wells Fargo commenced non-judicial foreclosure proceedings against the Property. In response, plaintiffs brought this action seeking both damages and injunctive relief based primarily on their contention that Wells Fargo has not properly reviewed their request for a loan modification, and in that regard, did not comply with the newly adopted Homeowner's Bill of Rights ("HBOR"), which is codified at California Civil Code § 2923.6.

This action was originally filed in state court on May 16, 2013. Wells Fargo removed it to this court on the basis of diversity of citizenship on June 19, 2013.

The following points will show that plaintiffs have raised no issue concerning any procedural irregularity in the foreclosure process. In addition, each of plaintiff's claims is preempted by the Home Owner's Loan Act ("HOLA") and otherwise defective.

For these and all of the reasons set forth below, Wells Fargo respectfully requests that the Court grant its motion to dismiss, with prejudice.

## 2. SUMMARY OF THE PLEADINGS AND JUDICIALLY NOTICEABLE FACTS

### A. The Loan

Plaintiffs borrowed $539,000.00 from Wachovia Mortgage, FSB ("Wachovia") on June 4, 2008. The loan was documented by a written Adjustable Rate Note (the "note") and secured by a deed of trust on the Property. (Copies of the note and deed of trust are attached to Wells Fargo's Request for Judicial Notice

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    ("RJN") as Exhibits A & B, respectively.)  In December 2007, World Savings

2    Wachovia changed its name to Wells Fargo Bank Southwest, N.A. before merging

3    into Wells Fargo Bank, N.A. in November 2009 ("Wells Fargo").  (RJN, Exs. C,

4    D, E and F are copies of the letters and certificates issued or signed by the Office

5    of Thrift Supervision (the "OTS") or Comptroller of the Currency acknowledging

6    the original federal savings bank charter of Wachovia' predecessor World Savings

7    Bank FSB, authorizing the name change, and approving the merger; RJN, Ex. G is

8    an FDIC printout providing the history of Wachovia/World Savings.)

9    **B.    Plaintiffs' Default And The Foreclosure**

10          Plaintiffs defaulted on the loan on December 5, 2009 and a Notice of Default

11   was recorded with the Orange County Recorder's office on August 2, 2010.  (RJN,

12   Ex. H.)  The Notice of Default reflects that, as of that time, the arrearages on the

13   loan were $25,521.55.  After unsuccessfully seeking a modification of their loan,

14   plainitffs filed a Chapter 7 bankruptcy filing in August of 2012.  (Comp.¶ 92,

15   RJN, Ex. I.)  Plaintiffs received their discharge in December of that same year.

16   (Comp ¶. 93, RJN, Ex. J.)  A Notice of Trustee's Sale was recorded on February

17   20, 2013.  (RJN, Ex. K.)  The Notice set the sale for March 14, 2013 and provided

18   that the total amount due on the note was $605, 675.28.  (*Id.*)  Plaintiff Dee

19   Tamarat delayed the sale when she filed an emergency petition with the

20   bankruptcy court, which was dismissed for failure to provide required documents.

21   (RJN, Ex. L  and Comp. ¶ 95.)  In May of 2013, plaintiff Peter Tamarat filed an

22   emergency petition which was also dismissed.  (RJN, Ex. N and O.)  Plaintiffs then

23   filed this action in state court.

24   **C.    The Complaint**

25          The unverified complaint is framed in several introductory sections followed

26   by four claims for relief.  In the prefatory sections, plaintiffs admit the loan (Comp.

27   ¶  74) and that they are in default.  (Comp. ¶ 75.)  The complaint contains an

28   extensive discussion of the federal HAMP program (Comp. ¶¶ 15-38), which

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  appears to be surplusage since the program does not support a private right of

2  action.  *See, e.g.*, *Escobedo v. Countrywide Home Loans, Inc.*, 2009 U.S. Dist.

3  LEXIS 117017, at *3 (S.D. Cal. Dec. 15, 2009) (holding "…the language of the

4  [HAMP] contract does not show that the parties intended to grant qualified

5  borrowers the right to enforce the agreement"); *Villa v. Wells Fargo Bank, N.A.*,

6  2010 U.S. Dist. LEXIS 23741, at *7 (S.D. Cal. Mar. 15, 2010) (holding that "the

7  HAMP agreement did not require loan servicers to modify eligible loans; thus . . .

8  the borrowers lacked standing to enforce the agreement."  (citing *Escobedo*, 2009

9  U.S. Dist. LEXIS 117017, at *3.)  There is also an analysis of the newly effective

10  state statue, Civil Code § 2923.6, commonly referred to as the Homeowner's Bill

11  of Rights.  (Comp. ¶¶ 39-48.)  The background facts concerning plaintiffs

12  situation, primarily describe their unsuccessful efforts to obtain a loan modification

13  which include four written applications for a loan modification, each of which was

14  denied.  (Comp. ¶¶ 76-99.)  In addition, plaintiffs applied for a short sale, which

15  request was also denied.  (Comp. ¶ 88.)  The four claims themselves may be

16  summarized as follows:.

17  • Civil Code  §2923.6:  Wells Fargo failed to re-evaluate plaintiffs

18     request for a loan modification after plaintiffs experienced a material

19     change in their financial circumstances.

20  • Bus. & Prof. § 17200:  Wells Fargo has engaged in unlawful, unfair

21     and fraudulent business practices  by: failing to reevaluate plaintiff's

22     application for a loan modification; making false promises concerning

23     a loan modification; concealing the nature and extent of certain fees

24     charged to plaintiff; and engaging in premature foreclosure

25     proceedings.

26  • Negligence: Wells Fargo engaged in dual tracking, failed to properly

27     train its loss mitigation staff, engaged in premature foreclosure actions

28     and commenced foreclosure without the legal authority to do so.

- Accounting: Plaintiff is entitled to an accounting of fees and other charges for foreclosure related services.

The following points will first address the extent to which these claims are preempted by HOLA and then will discuss the deficiencies of each claim individually.

### 3. THE FEDERAL HOME OWNERS' LOAN ACT ("HOLA") PREEMPTS ALL OF PLAINTIFFS' STATE LAW CLAIMS

**A. As Federally Chartered Federal Savings Banks, World Savings Bank, FSB And Wachovia Mortgage, FSB Operated Under HOLA**

Plaintiffs obtained their home loan from Wachovia in June 2008.  (RJN, Ex. A.)  Wachovia Mortgage, FSB, now merged into Wells Fargo Bank, N.A., was a federal savings bank regulated by the Office of Thrift Supervision ("OTS").  (RJN, Exs. F-J.)  As such, Wachovia Mortgage was organized and operated under the federal *Home Owners' Loan Act* ("HOLA") at the time of origination of the subject loan.  12 U.S.C. § 1461, *et seq*.

District Courts have held that where a national association (Wells Fargo Bank, N.A.) is the successor-in-interest to the loan of a federal savings bank (World Savings Bank, FSB), it is proper to apply HOLA preemption.  *Zlotnik v U.S. Bancorp, et al*., 2009 U.S. Dist. LEXIS 119857, at **17-26 (N.D. Cal. Dec. 22, 2009) (noting similar outcome under either National Bank Act or HOLA due to substantial similarity of preemption regulations); *DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1126 (N.D. Cal. 2010).

**B. OTS Regulations Promulgated Under HOLA Preempt Any State Laws Which Affect Loan Origination, Disclosures And Lending Regulations**

Through its regulatory authority, the OTS "occupies the entire field of lending regulation for federal savings associations."  12 C.F.R. § 560.2.  OTS regulations issued pursuant to HOLA are "intended to preempt all state laws purporting to regulate any aspect of the lending operations of a federally chartered

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   savings association, whether or not OTS has adopted a regulation governing the

2   precise subpart of the state provision." *Lopez v. World Savings & Loan Ass'n*, 105

3   Cal. App. 4th 729, 738 (2003); *see,* 12 C.F.R. § 545.2.

4        Preemption analysis under HOLA is straightforward and simple, as the OTS

5   Final Rule, 61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996) instructs.  Step one

6   involves determining whether the type of state law at issue appears on the list set

7   forth in 12 C.F.R. § 560.2(b), which lists the types of state laws that HOLA

8   preempts.  If the type of state law in question appears on the list, the analysis ends

9   there and the law is preempted.  There is no step two.  As the Ninth Circuit

10   observed in *Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1004-05 (9th Cir.

11   2008), the OTS's construction of its own regulation 560.2 "must be given

12   controlling weight."  The Court went on to declare that any presumption against

13   preemption of state law does not apply to HOLA.

14   **C.   Various Types Of State Laws Preempted By HOLA**

15        Among the regulations that are so "pervasive as to leave no room for state

16   regulatory control" are OTS regulations §§ 560.2(b)(4), (9) and (10).  These

17   regulations preempt state laws that would impose requirements on federal savings

18   banks regarding:

19        **The terms of credit, including amortization of loans and the
         deferral and capitalization of interest and adjustments to
20        the interest rate, balance, payments due**, . . . ; 12 C.F.R.
         § 560.2(b)(4)

21
         **Loan-related fees, including** without limitations, initial
22        charges, late charges, **prepayment penalties**, servicing fees,
         and overlimit fees; 12 C.F.R. § 560.2(b)(5)
23
         **Disclosure and advertising, including laws requiring specific
24        statements, information,** . . . ; 12 C.F.R. § 560.2(b)(9)

25        **Processing, origination, servicing**, **sale** or purchase of, or
         investment or participation in, **mortgages**; . . . 12 C.F.R.
26        § 560.2(b)(10) (emphases added).

27   **D.   Plaintiffs' State Law Claims Are Preempted By HOLA**

28        Plaintiff's state law claims are each based on allegations which concern the

1  processing and servicing of the loan as well as the terms of credit offered by the

2  bank.  It is well established that HOLA applies to these kinds of state law claims

3  regularly of the claim for relief pleaded.

### i. Plaintiffs' Claim For Violations Of Civil Code § 2923.6 Is Preempted

6  Plaintiffs' first claim for relief is based on an asserted violation of the

7  recently adopted Home Owner's Bill of Rights (HBOR), Civil Code § 2923.6(g)

8  The claim is that the defendant has failed to reevaluate the plaintiff for a loan

9  modification following a material change in his financial circumstances.  On its

10  face the statue burdens lending by requiring a bank to consider modifying an

11  existing loan and by preventing its ability to enforce a security interest until that

12  process has been completed.  These requirements clearly fall within the ambit of

13  12 C.F.R. § 560.2(b)(10) concerning the processing and servicing of mortgages

14  and so are preempted.

15  Given the additional remedies now available to borrowers for alleged

16  violations of the HBOR, a finding of preemption by HOLA is warranted by the

17  holding in *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 226-232 (2010). As

18  noted above, prior to January 1, 2013, the *only* remedy available for a violation of

19  the non-judicial foreclosure laws codified under Civil Code §§ 2923.5 and 2924, *et*

20  *seq.* was equitable relief (*i.e.*, an order enjoining the foreclosure sale

21  (prospectively) or rescinding it (retrospectively)).  There was no right to, for

22  example, a loan modification or monetary damages.  *Mabry*, 185 Cal. App. 4th at

23  232.  As a result, the *Mabry* court held that § 2923.5 was not preempted by HOLA.

24  *Id.* at 231.  In beginning its analysis of the preemption issue, the Court of Appeal

25  noted as follows:

26  A remarkable aspect of section 2923.5 is that is appears to have

27  been carefully drafted to avoid bumping into federal law,

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    *precisely because it is limited* to affording borrowers only more

2                time when lenders do not comply with the statute.

3    *Id.* at 226 (emphasis added).  The Court appeared to go out of its way to narrowly

4    construe the impact of the requirements set forth in section 2923.5 so as to avoid

5    federal preemption.  "We emphasize that we are able to come to our conclusion

6    that section 2923.5 is not preempted by federal banking regulations because it *is*, or

7    can be construed to be, very narrow." *Id.* at 231 (emphasis in original).  When

8    examining the lender's obligations under the statute to "assess" and "explore," the

9    court held that these words "must be narrowly construed *in order to avoid crossing*

10   *the line* from state foreclosure law into federally preempted loan servicing." *Id.* at

11   232 (emphasis added).[1]  Moreover, the court found that preemption was not

12   warranted "because the remedy for noncompliance is a simple postponement of the

13   foreclosure sale, nothing more," a distinction the court " emphasize[d]." *Id*. at

14   214 (emphasis added).

15          Given the substantial additional remedies now available for violation of the

16   HBOR (and sought by the plaintiffs in this case), a narrow interpretation such as

17   that employed by the appellate court in *Mabry* cannot save the statute from

18   preemption. *See* Civil Code §§ 2924.12, and 2924.17.  These new remedies are

19   quite unlike the limited relief available under section 2923.5.  For example, Civil

20   Code section 2924.12(b) now provides for the imposition of monetary damages

21   against a lender or servicer:

22                A mortgage servicer, mortgagee, trustee, beneficiary, or
                 authorized agent shall be liable to a borrower for actual

23

24   [1]   In *Stebley v. Litton Loan Servicing, LLP*, 202 Cal. App. 4th 522 (2011), the
     Court of Appeal acknowledged that the limited relief available under Civil Code §

25   2923.5 saved it from colliding with federal preemption.  "However, Civil Code
     section 2923.5 does not provide for damages, or for setting aside a foreclosure sale,

26   nor could it do so without running afoul of federal law, that is, the Home Owners'

27   Loan Act (12 U.S.C. § 1461 et seq.; HOLA), and implementing regulations (12

28   C.F.R. § 560.2(b) (2011))." *Id*. at 526 (citations omitted.)

economic damages pursuant to Section 3281, resulting from a material violation of Section 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11, or 2924.17 by that mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent where the violation was not corrected and remedied prior to the recordation of the trustee's deed upon sale. If the court finds that the material violation was intentional or reckless, or resulted from willful misconduct by a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent, the court may award the borrower the greater of treble actual damages or statutory damages of fifty thousand dollars ($50,000).

Pursuant to Civil Code § 2924.19(b), a violation of Section 2924.17, if not "corrected and remedied prior to the recordation of the trustee's deed upon sale" may result in an " award [to] the borrower the greater of treble actual damages or statutory damages of fifty thousand dollars ($50,000)."  Additionally, a lender may now be required to pay attorney's fees to a borrower *who merely obtained injunctive relief* in an action brought to enforce section 2924.17. Civ. Code § 2924.12(i).  Even the government may now seek to impose civil penalties, up to $7,500 per mortgage, against a lender for "multiple and repeated uncorrected violations." Civ. Code § 2924.17(c).

Since the remedies that can be imposed for violation of the HBOR exceed a "simple postponement," it cannot escape preemption under HOLA.  Thus, the newly enacted statute is preempted under federal law and cannot impose any affirmative obligations on Wells Fargo.

### ii.    Plaintiffs' Claim For Violations Of Business & Professions Code § 17200 Is Preempted

Plaintiffs' unfair competition claim charges six types of unfair business practices including; violations of Civil Code § 2923.6, commencing foreclosure while a modification application was under review, instituting premature foreclosure proceedings, misrepresenting the foreclosure status of the property, concealing the nature and quality of fees charged to plaintiff's account, making false promises concerning a loan modification and foreclosing without the legal

1   authority to do so.  (Comp. ¶ 132(a)-(g).)  Because these claims relate to the "terms

2   of credit", "processing"  and "servicing" of the loan or to "loan related fees", they

3   are preempted.

4        The claims for violating Civil Code § 2923.6 and for instituting premature

5   foreclosure proceedings have the effect of regulating the processing and servicing

6   of the subject loan and thus are preempted by 12 C.F.R. § 560.2(b)(10).  The

7   claims concerning foreclosure related fees and their disclosure fall squarely within

8   12 C.F.R. § 560.2(b)(5)  *See, Gomez v. Wachovia Mortg. Corp.*, 2010 U.S. Dist.

9   LEXIS 3799, at **7-8 (N.D. Cal. Jan. 15, 2010).  As to the alleged promises of a

10  loan modification, district courts have held that loan modification-based claims in

11  the context of foreclosure are preempted under HOLA (12 C.F.R. § 560.2(b)(4))

12  because they relate either to the "servicing of loans" or to the "terms of credit."

13  *Guerrero v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 96261, at *8 (C.D.

14  Cal. Sept. 14, 2010) (foreclosing during loan modification process preempted by

15  the "servicing" prong of 560.2(b)(10)); *Snyder v. Wachovia Mortg.*, 2010 U.S.

16  Dist. LEXIS 68956, at **22-24 (E.D. Cal. July 19, 2010) (loan modification

17  requirements of 2923.53 preempted by "servicing" and "terms of credit").

18        **iii.    The Claim For Negligence Is Preempted**

19        Plaintiffs claim Wells Fargo breached a duty of care with respect to their

20  loan modification application and by foreclosing without authority, presumably

21  based on the asserted violation of Civil Code § 2923.6.  (Comp. ¶ 134.)  These

22  claims are preempted for the same reasons as were the preceding three claims.

23        **iv.    The Claim For An Accounting Is Preempted**

24        Plaintiffs allege that they require an accounting because Wells Fargo marked

25  up the cost of foreclosure-related services, which constitute unnecessary fees.

26  (Comp. ¶ 139.)  This claim, like the second claim for unfair practices, seeks to

27  regulate the bank with respect to "loan related fees" and so is preempted by C.F.R.

28  § 560.2(b)(5).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

## 4.   THE COMPLAINT DOES NOT STATE ANY VIABLE CLAIMS

**A.   Plaintiffs' Claim for Violations Of Civil Code 2923.6 Fails**

Plaintiffs acknowledge that they have already applied for and been denied a loan modification on four separate occasions beginning in 2010.  (Comp. ¶ 77.) The claim is that, their financial circumstances have undergone a material change so that, pursuant to Civil Code §2923.6(g), the bank is obligated to re-evaluate them for a modification and to refrain from proceeding with foreclosure pending that review.  (Comp. ¶ 117.)  Even were the claim not preempted, it would nonetheless be invalid.  The section on which the plaintiff relies requires that a material change in financial circumstances be documented by the borrower and submitted to the mortgage servicer.  The complaint alleges that this has occurred by virtue of a letter from plaintiff's counsel to the bank dated May 14, 2013. (Comp 118, Ex. D.)  The letter refers to the change in the "borrowers" circumstances as "their income and expenses have changed" because of their having received a bankruptcy discharge in December 2012.  The letter itself does not document any change at all since it is, in substance, simply a demand that the sale of the Property be further delayed.  That problem notwithstanding, the letter does not say what the nature of the change(s) have been in terms of their amount or even propose to provide documentary proof of any change.  In short the letter provides nothing for Wells Fargo to re-evaluate.  Further, the claim is belied by the fact that both Mr. and Mrs. Tamarat have filed Chapter 13 petitions since their discharge.  (RJN, Exs. L-N.)

The statute itself makes plain that the reason a borrower must document a material change in his circumstances to trigger a requirement that the lender re-evaluate is to minimize the risk that serial applications will be submitted for the purposes of delay.  Civ. Code § 2923.6(g).  The facts, as alleged, reflect that is precisely what is happening here.  Plaintiffs have submitted serial applications, each of which has been denied, to say nothing of their having abused the

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   bankruptcy process simply to avoid the consequences of their admitted default.

2   / / /

3   / / /

4   / / /

5   **B.**   **Plaintiffs' Claims for Violations Of Business & Professions Code 17200**

6   **Fails**

7       **i.**   **No unlawful, unfair or fraudulent acts are alleged**

8       A claim under Business & Professions Code § 17200 (the "UCL") requires

9   an allegation of particular facts showing ongoing unlawful, unfair, and fraudulent

10   business acts on the part of the defendant.  *Korea Supply Co. v. Lockheed Martin*

11   *Corp.*, 29 Cal. 4th 1134, 1143 (2003).  Each prong of the UCL is a separate and

12   distinct theory of liability.  *Birdsong v. Apple, Inc.,* 590 F.3d 955, 959 (9th Cir.

13   2009).  A plaintiff alleging unfair business practices under the UCL "must state

14   with reasonable particularity the facts supporting the statutory elements of the

15   violation."  *Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612, 619 (1993).

16   Thus, a complaint must provide facts to describe the manner in which the conduct

17   was unlawful, unfair or fraudulent.  *Id.*

18       In this case, plaintiff is alleging violations under each of the statue's three

19   prongs. (Comp. ¶ 129.)  To the extent that the claim is based on fraudulent conduct

20   it must comply with the strict pleading requirements of FRCP 9.  *Rosal v. First*

21   *Fed. Bank of Cal.*, 671 F. Supp. 2d 1111, 1127 (N.D. Cal. 2009); *Neu v. Terminix*

22   *Int'l, Inc.*, 2008 U.S. Dist. LEXIS 32844, at *15 (N.D. Cal. April 8, 2008)

23   (plaintiffs' claims under Bus. & Prof. Code § 17200 must be pleaded with

24   particularity).  "An action based on an alleged unlawful business practice

25   'borrows' violations of other laws and treats these violations…as unlawful

26   practices, independently actionable under section 17200 et seq. and subject to the

27   distinct remedies provided thereunder."  *Farmers Ins. Exch. v. Superior Court*, 2

28   Cal. 4th 377, 383 (1992).  An "unfair practice" is "one that either offends an

established public policy or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumer." *McDonald v. Coldwell Banker,* 543 F.3d 498, 506 (9th Cir. 2008); *Glenn K. Jackson Inc. v. Roe,* 273 F.3d 1192, 1203 (9th Cir. 2001).

It is fundamental that a claim pursuant to Section 17200, regardless of which prong it is based on, is derivative and requires an underlying predicate claim to be valid. *See, Castaneda v. Saxon Mortg. Servs., Inc.*, 687 F. Supp. 2d 1191, 1202 (E.D. Cal. 2009) (section 17200 is generally derivative of some other illegal conduct or fraud committed by a defendant, and a plaintiff must state with reasonable particularity the facts supporting the statutory elements of the violation); *Rosal v. First Fed. Bank of Cal.,* 671 F. Supp. 2d 1111, 1126-27 (N.D. Cal. 2009).  As discussed above, each of plaintiff's claims is preempted by HOLA. A plaintiff may not redeem a claim that is otherwise barred by calling it a claim for unfair business practices. *See, Stop Youth Addiction, Inc. v. Lucky Stores, Inc.*, 17 Cal. 4th 553, 566 (1998); *Ingels v. Westwood One Broad. Servs., Inc.*, 129 Cal. App. 4th 1050, 1060 (2005).

Even without regard to the preemption issue, a review of the conduct that is actually alleged reveals that no valid claim has been stated.  In this regard the pleading lists seven species of misconduct, none of which is valid for the following reasons:

a) Dual tracking:  Plaintiffs' allegations that foreclosure was pursued while their modification applications were under review is belied by their own allegations.  Foreclosure was commenced in 2010 long before the HBOR became effective.  Plaintiffs' efforts to seek a reevaluation in 2013 came after multiple earlier attempts and were not accepted by Wells Fargo so that they were never under review after the statue became effective.

b) Violations of Civil Code 2923.6:  This claim is preempted and also fails for the reasons given above.  Accordingly it cannot support a claim under the UCL.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    c) False representations: Plaintiffs assert that defendants made unspecified

2  representations designed to lure them into thinking they were safe from foreclosure

3  while under review.  Holding aside the obvious lack of specificity in the claim, the

4  facts as alleged are that plaintiffs have been in default for over three years and have

5  not been foreclosed.  On the face of the complaint, there does not appear to have

6  been any deceit.

7    d) Improper/premature foreclosure:  The notice of default was only recorded

8  after plaintiffs themselves admitted they had been in default for an extended

9  period.  The notice of sale was recorded after multiple applications for a

10 modification and a short sale wererejected and plaintiffs had completed a

11 bankruptcy proceeding.  The property has not been sold.  The facts do not reflect

12 anything premature about this foreclosure.

13   e) Misrepresentation of the status of foreclosure:  This claim is left

14 unexplained by this or any other allegation in the pleading.  The facts both as

15 alleged and as reflected by the documents of which, judicial notice has been

16 requested reflect that all required notices have been given in accordance with the

17 applicable law.

18   f) Concealing the nature, quality and character of marked up fees assessed

19 against plaintiffs' account.  The pleading fails to allege what fees are involved,

20 whether they were paid or had any effect at all on plaintiffs' default.

21   g) Foreclosing without legal authority:  Wells Fargo is the successor by

22 merger to the original lender and so has acquired all of the rights and obligations

23 attendant to the loan. (RJN, Exs. C-G.)

24   At paragraph 39 of the complaint, Plaintiffs allege violations of : 18 U.S.C.

25 §§ 1341 and 1343, which are criminal statues covering fraud and mail fraud; 18

26 U.S.C. § 1962, the RICO statute and various state law statues dealing with deceit.

27 (Comp. ¶ 112.)  The allegations of fraud and mail or wire fraud are subject to the

28 specificity requirements of Rule 9(b), particularly where asserted in connection

CASE NO.: 8:13-CV-00925-JVS-RNB
MEMORANDUM OF POINTS & AUTHORITIES

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  with a claim of racketeering activity.  *Edwards v. Marin Park, Inc*., 356 F.3d 1058,

2  1065-66 (9th Cir. 2004); *Murr Plumbing, Inc. v. Scherer Bros. Fin. Serv. Co*., 48

3  F.3d 1066, 1069 (8th Cir. 1995) ("The particularity requirements of Rule 9(b)

4  apply to allegations of mail fraud, 18 U.S.C. § 1341, and wire fraud, 18 U.S.C.

5  § 1343, when used as predicate acts for a RICO claim"); *Schreiber Distrib. Co. v.

6  Serv-Well Furniture Co.*, 806 F.2d 1393, 1400-01 (9th Cir. 1986).  Plaintiffs have

7  failed to allege any facts that would constitute a violation of any of the federal laws

8  and so no claim for an unlawful practice has been stated on those grounds.  The

9  state law statues are all preempted and, in addition, for the reasons already stated,

10  the complaint fail to state a cognizable claim for fraud.

11    **ii.    Plaintiffs Lack Standing**

12    Plaintiffs' UCL claim also fails for a lack of standing.  "In order to have

13  standing to sue under section 17204, it is not enough for a private person to have

14  suffered an injury in fact.  Nor is it enough to establish standing if one has lost

15  money or property.  After Proposition 64, a private person has standing to sue

16  under the UCL only if that person has suffered injury and lost money or property

17  'as a result of  such unfair competition.'"  Bus. & Prof. Code § 17204 (italics

18  added).  Thus, a private person has no standing under the UCL unless that person

19  can establish that the injury suffered and the loss of property or money resulted

20  from conduct that fits within one of the categories of 'unfair competition' in

21  section 17200."  *Daro v. Superior Court*, 151 Cal. App. 4th 1079, 1098 (2007); *see

22  also, Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583, 1590 (2008) ("A private

23  plaintiff must make a twofold showing: he or she must demonstrate injury in fact

24  and a loss of money or property caused by unfair competition.").

25    Here, plaintiffs have not alleged an injury in fact or a loss of money or

26  property caused by Wells Fargo's conduct in violation of Section 17200.  Plaintiffs

27  do not identify any actual harm at all beyond the threatened loss of the Property.

28  The pleading admits that this circumstance is a result of financial circumstances

1   having nothing to do with anything Wells Fargo did or did not do.

2   **C.   Plaintiffs Fail to State a Claim for Negligence**

3   Actionable negligence has three traditional elements each of which must be

4   both pleaded and proved: (1) a legal duty to use due care; (2) a breach of that duty;

5   and (3) a proximate or legal causal connection between the breach and plaintiff's

6   injuries.  *United States Liab. Ins. Co. v. Haidinger-Hayes, Inc.* 1 Cal.3d 586, 594

7   (1970).  In their third claim for relief, plaintiffs alleges that Wells Fargo breached a

8   duty of care by: engaging in "dual tracking, denying them a loan modification;

9   failing to re-evaluate their application after a material change in their financial

10  circumstances; failing to properly train representatives to provide correct

11  information regarding loan modifications; and failing to notify them that the

12  Property was being foreclosed and foreclosing without legal authority.  (Comp. ¶

13  149.)  The claim fails because: there has been no dual tracking in violation of the

14  HBOR; Wells Fargo owed no duty to plaintiff to modify the loan, no obligation to

15  re-evaluate has arisen because for the reasons already discussed, no genuine issue

16  is raised by the pleading as to Wells Fargo's authority to foreclose, and the

17  recorded Notices of Default and Sale along with admissions in the complaint

18  establish that plaintiff has received all of the required notices concerning the

19  foreclosure of the Property.

20  **i.      Wells Fargo Owed No Duty to Modify the Loan**

21  The threshold element for any negligence claim is the existence of a duty of

22  care.  *Bily v. Arthur Young & Co.*, 3 Cal. 4th 370, 397 (1992).  "The determination

23  of whether a duty exists is primarily a question of law."  *Eddy v. Sharp*, 199 Cal.

24  App. 3d 858, 864 (1988).  The existence of a duty is an issue that the court can

25  decide as a matter of law in ruling on a demurrer.  *Software Design & Application,*

26  *Ltd. v. Hoefer & Arnett, Inc.*, 49 Cal. App. 4th 472, 478 (1996). "[A]bsent a duty,

27  the defendant's care, or lack of care, is irrelevant."  *Software Design & Application*

28  *Ltd. v. Hoeffer & Arnolt Inc.*, 49 Cal. App. 4th 472, 481 (1996).  A plaintiff's

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

"inability to plead a duty of care…precludes his maintenance of a cause of action on any negligence theory."  *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 349 (1997).

In *Nymark v. Heart Fed. Savs. & Loan Ass'n,* 231 Cal. App. 3d 1089, 1095 (1991), the Court held: "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money."  Indeed, "[l]iability to a borrower for negligence arises only when the lender 'actively participates' in the financed enterprise 'beyond the domain of the usual money lender.'"  *Id*. (quoting *Wagner v. Benson*, 101 Cal. App. 3d 27, 35 (1980)).

Here, Wells Fargo's purported duty is essentially in connection with the processing of plaintiff's loan modification application, something that does not extend beyond the normal business of a lender.  Further, there is no federal or state law that compels a lender to modify a loan.  *See, e.g*., *Villa v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 23741, at **6-7 (S.D. Cal. March 15, 2010) (HAMP agreement does not even require loan servicers to modify *eligible* loans; thus, borrowers lack standing to enforce the agreement).  In *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 223-224 (2010), the second district court of appeals considered then Civil Code § 2923.6 concerning home loan modifications and held that the section did *not* operate substantively but merely expressed the *hope* that lenders would offer loan modifications on certain terms.  However, the Court held that it does not require lenders to take any action.  It is noteworthy that the current version of Civil Code § 2923.6, which is the subject of plaintiff's first claim for relief, still does not require lenders to grant loan modifications.  Even the fact that there were communications concerning a possible modification does not give rise to any duty on the part of a lender to modify a loan.  *See, DeLeon v. Wells Fargo Bank N.A.,* 2010 U.S. Dist. LEXIS 62499, at *20 (N.D. Cal. June 9, 2010).  Because there is no duty, plaintiff's negligence claim fails.  *Quelimane Co. v. Stewart Title Guaranty Co.*, 19 Cal. 4th 26, 57-60 (1998).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    The addition of the charge that a re-evaluation of plaintiff's request for a

2  modification was required by the new version of Civil Code § 2923.6 changes

3  nothing.  As discussed in Section 4A above, a re-evaluation is required only where

4  plaintiff has documented a material change in his or her financial circumstances.

5  Civ. Code § 2923.6(g).  Since the complaint alleges no facts that show this has

6  occurred, no duty has arisen under the statute.

7    **ii.    The Complaint Fails to Allege That Any Duty Was Breached**

8    **With Respect to the Foreclosure**

9    Plaintiffs' claim that they were not notified of the foreclosure is refuted by

10  the recorded Notices of Default and the Notice of Sale which are Exhibits H and I

11  to the defendant's RJN.  Further, plaintiffs admit having received both documents.

12  (Comp. ¶¶ 81 and 96.)  As to the allegation that Wells Fargo does not have the

13  legal authority to foreclose, its standing as the successor by merger to the original

14  lender Wachovia is established by the records of which judicial notice has been

15  requested.  (RJN, Exs., C-G).

16  **D.    Plaintiffs' Accounting Claim is Untenable**

17    To state a claim for an accounting, a plaintiff must show "that a relationship

18  exists between the plaintiff and defendant that requires an accounting, and that

19  some balance is due that can only be ascertained by an accounting."  *Teselle v.*

20  *McLoughlin,* 173 Cal. App. 4th 156, 179 (2009).  While, as the complaint avers, a

21  fiduciary relationship between the parties is not required, there must be some

22  relationship between the parties that requires an accounting.  *Id., See, e.g.,* 5

23  Witkin, *California Procedure*, Pleading, 821 (5th ed. 2008) (finding courts

24  traditionally permit an accounting in cases involving trusts, agency relationships,

25  partnership, and joint ventures); *San Pedro Lumber Co. v. Reynolds*, 111 Cal. 588,

26  595 (1896) (accounting claim allowed where defendant was the trusted agent of

27  plaintiff, and acting in a fiduciary capacity, and having for a long period of time

28  the entire charge and control of plaintiff's business).

1    Here, plaintiffs have failed to allege a relationship between themselves and
2  Wells Fargo that is anything more than a lender-borrower relationship.  As
3  discussed above with respect to the negligence claim, that relationship does not
4  give rise to any duty of care on the part of the lender.  *See*, *Nymark,* 231 Cal. App.
5  3d at 109.  Moreover, plaintiffs' vague assertion that Wells Fargo marked up prices
6  charged by vendors for default services without disclosing the practice is nothing
7  more than a conclusion.  Plaintiffs fail to identify with any specificity what charges
8  they are talking about, which vendors were involved or the amount they feel they
9  were over charged.  Finally, even if such charges exist, the complaint does not
10  allege – and could not rationally allege – that there is a balance owed to plaintiffs
11  since, at the time the Notice of Default was recorded in 2010, they had failed to
12  make any payment on the loan since December 15 of 2009. (RJN, Ex. H)

### 5.   <u>CONCLUSION</u>

14    For the foregoing reasons, Wells Fargo requests an order granting its motion
15  to dismiss, with prejudice, on the grounds that any amendment would be futile.
16  *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th
17  Cir. 2004).

18                                  Respectfully submitted,

19  Dated:  June 26, 2013          ANGLIN, FLEWELLING, RASMUSSEN,
20                                    CAMPBELL & TRYTTEN LLP

21

22                                  By: _____/s/ Tim G. Ceperley_____
                                       Tim G. Ceperley
23                                       tceperley@afrct.com
                                       Attorneys for Defendant
24                                     WELLS FARGO BANK, N.A., successor
                                       by merger with Wells Fargo Bank
25                                       Southwest, N.A., f/k/a Wachovia Mortgage,
                                       FSB, f/k/a World Savings Bank, FSB
26                                       ("Wells Fargo")

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1

**CERTIFICATE OF SERVICE**

2

3        I, the undersigned, declare that I am over the age of 18 and am not a party to
this action.  I am employed in the City of Pasadena, California; my business
address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los
Robles Avenue, Suite 600, Pasadena, California  91101-2459.

4

5        On the date below, I served a copy of the foregoing document entitled:

6    **DEFENDANT WELLS FARGO'S NOTICE OF MOTION AND MOTION
TO DISMISS PLAINTIFF'S COMPLAINT; AND MEMORANDUM OF
POINTS AND AUTHORITIES**

7

8    on the interested parties in said case as follows:

9        **Served By Means Other than Electronically Via the Court's
CM/ECF System**

10

11            *Attorneys for Plaintiff*

12        Joseph R. Manning, Jr., Esq.
Law Offices of Joseph R. Manning Jr.
4667 MacArthur Blvd.
Suite 150
Newport Beach, CA 92660

13

14        Tel: (949) 200-8755
Fax: (949) 843-8308
joe@manninglawoffice.com

15

16

17  ☒    **BY MAIL:** I am readily familiar with the firm's practice of collection and
processing correspondence by mailing.  Under that same practice it would
be deposited with U.S. Postal Service on that same day with postage fully
prepaid at Pasadena, California in the ordinary course of business.  I am
aware that on motion of the party served, service is presumed invalid if
postal cancellation date or postage meter date is more than one day after
date of deposit for mailing in affidavit.

18

19

20

21        I declare under penalty of perjury under the laws of the United States of
America that the foregoing is true and correct.  I declare that I am employed in
the office of a member of the Bar of this Court, at whose direction the service
was made.  This declaration is executed in Pasadena, California on June 26,
2013.

22

23

24

25        Leslie Coumans                         */s/ Leslie Coumans*
            (Type or Print Name)                  (Signature of Declarant)

26

27

28